IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **BEBALY RODRIGUEZ TORRES**, <br><br> PLAINTIFFS <br><br> V. <br><br> **UNITED STATES OF AMERICA;** <br> **UNITED STATES DEPARTMENT OF** <br> **AGRICULTURE** <br><br> DEFENDANT | CIVIL NO.: <br><br><br> FEDERAL TORT CLAIMS ACT |

# COMPLAINT

TO THE HONORABLE COURT:

COMES NOW the Plaintiff **BEBALY RODRIGUEZ TORRES** ("Plaintiff" or "Rodriguez"), by and through the undersigned attorneys, and respectfully allege, state and request, as follows:

## I. NATURE OF THE ACTION

1.1     Plaintiff, on her own behalf, pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, seeks damages arising from Defendant United States of America's (hereinafter "Defendant" or "USA") negligence and other wrongful acts, that resulted in the severe injuries.

1.2     Defendant, United States, through United States Department of Agriculture Agricultural Research Service ("**Defendant**", "USA", or "**USDA**") acts and omissions occurred because of negligent driving by one of its employees, which upon information and belief the employee was on duty, driving a **USDA** car which impacted head-on **Plaintiff's** car causing the damages that are the object of this complaint.

## II.     JURISDICTION & VENUE

2.1     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 in that this action arises under the laws of the United States of America and is premised on the acts and omissions of the **Defendant** acting under color of federal law. This Court further has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1346(b) in that this is a claim against the **Defendant** United States of America, for money damages, accruing on or after January 1, 1945, for an injury caused by the negligent and wrongful acts and omissions of employees of the United States Government while acting within the course and scope of their office or employment, under the circumstances where the **Defendant**, if a private person, would be liable to the Plaintiff in the jurisdiction where the accident occurred.

2.2     Jurisdiction founded upon the federal law is proper in that this action is premised upon federal causes of action under the Federal Tort Claims Act (hereinafter "FTCA"), 28 U.S.C. § 2671, *et. seq*.

2.3     This Court has personal jurisdiction over this civil action because the acts alleged to be negligent were committed by **Defendant** and the damages were suffered by the plaintiffs within the jurisdiction of the United States District Court, District of Puerto Rico.

2.4     This action is authorized pursuant to the FTCA and Articles 1802 and 1803 of the Civil Code of the Commonwealth of Puerto Rico, 31 L.P.R.A. ¶¶ 5141 and 5142, as provided by 28 U.S.C. § 1367.

### *EXHAUSTION OF REMEDIES*

2.5     On February 22, 2023, while Plaintiff was traveling through a public thoroughfare, she was impacted in a frontend collision by a vehicle owned by the **USDA**; causing the accident and with it, the damages suffered. Pursuant to the FTCA, 28 U.S.C. § 2671, *et. seq.*,

on or about March 28, 2023, Plaintiff presented her claim to the appropriate federal agency for administrative settlement under the FTCA. Thereafter, by letter dated November 15, 2023, **Defendant** denied **Plaintiff's** claim and closed the case.

### III. THE PARTIES

3.1     **Bebaly Rodriguez Torres** is of legal age, single, employed, resident of Puerto Rico.

3.2     Defendant, **UNITED STATES OF AMERICA**, is subject to suit for the injuries caused by the negligent and wrongful acts and omissions of employees & agents of the Government while acting within the course and scope of their office or employment, under the circumstances where the **Defendant**, if a private person, would be liable to the **Plaintiff**, pursuant to the FTCA.

3.3     Defendant, **USDA**, is a governmental agency covered under the FTCA.  As such, the **USDA** is also subject to suit for injuries caused by the negligent and wrongful acts and omissions of employees and agents acting on behalf of a federal agency in an official capacity under the FTCA, as those terms are broadly defined pursuant to 28 U.S.C. § 2671.

3.13    At all times material to this action, **Defendant** was responsible for the proper handling and driving of government vehicles in a safe and prudent manner in observance of State traffic laws and of federal agency standards by its authorized agents.

### IV. FACTUAL ALLEGATIONS

4.1     **Plaintiff** is of legal age, and a resident of Puerto Rico.

4.2     On February 22, 2023, **Plaintiff** was traveling West to East along Candelaria Street, jurisdiction of Mayaguez, Puerto Rico. While traveling on said road at the intersection with Liceo Street, in a 2009 model Dodge Caliber motor vehicle, license plate HMM455, it was

impacted on the front right side, by a vehicle owned by the **USDA** with VIN IFTEW1EB5LKD93491, driven by Luz M. Serrato Díaz, who was traveling North to South on Liceo Street and did not stop at the STOP sign, causing the accident and with it, the damages suffered.

4.3     Upon information and belief, Luz M. Serrato Díaz, was a **USDA** employee, on duty and authorized to be driving the vehicle owned by the **USDA** on February 22, 2023, the day she impacted Plaintiff.

4.4     The Puerto Rico Police Department ("PRPD") Officer who arrived at the scene of the vehicle collision made the following determination: the driver (the USDA employee) traveling through Liceo Street in a northbound direction, upon arrival with the intersection of Candelaria Street did not take the necessary precautions given the Stop sign. The result was an impact on the right front section of the car who was traveling on Candelaria Street in a westerly direction.

4.5     Said accident was due solely and exclusively to the negligence of Luz M. Serrato Díaz; upon information and belief while lawfully driving a vehicle owned by the **USDA**, while on on-duty. The **USDA** failed to handle the vehicle in a prudent manner by not taking the necessary precautions to avoid an accident, for which **USDA** responds to Plaintiff for the damages suffered.

4.6     **USDA**, as the registered owner of said vehicle and the employer of the driver at fault, is liable to **Plaintiff** for the damage suffered.

4.7     As a result of the collision, **Plaintiff** suffered bodily trauma in various parts of her body, injuries, as well as damage to soft tissues, among others. She was transferred to the San Antonio Hospital where she received first aid and thereafter has received medical treatment.

4.8     After the collision, Plaintiff went to the emergency unit of San Antonio Hospital in Mayaguez, Puerto Rico with back pain extending into her right leg and with muscle spasms.

**Plaintiff** was placed on a regimen of dexamethasone (anti-inflammatory medication), Percocet/oxycodone (pain medication).

4.9  **Rodriguez** has undergone continued medical treatment, has suffered considerable physical and emotional distress, incurred in medical expenses, and has been left with a permanent partial disability in her total bodily function.

4.10  An estimate for repairs of **Plaintiff's** vehicle was $9,222.47. Notwithstanding that the PRPD determined that the **USDA** vehicle "did not take the necessary precautions given the Stop sign", **Defendant** has refused to acknowledge or compensate **Plaintiff** for her injuries or the damages to her car.

4.11  Rodriguez's pain caused her to be absent from work as she recovered from said injury. As such, **Defendant's** conduct has caused Plaintiff's loss income.

4.12  **Defendant's** conduct, at a minimum, in refusing to cover the costs of the vehicle repairs also caused **Plaintiff** to miss work as she was left without transportation.

4.13  The above-mentioned collision was caused solely by the negligence of the **USDA** when it failed to properly to properly handle and operate a motor vehicle and observing all traffic laws. The **USDA** knew or should have known, and it was reasonably foreseeable to the Agency that such negligent handling of a motor vehicle in the public thoroughfares could, and did, pose a threat to the safety and well-being of the tourists, citizens, visitors and any other person lawfully transiting in the public roads, including **Rodriguez**.

4.14  The **USDA** had a duty towards the tourists, citizens, visitors and others to drive and operate a motor vehicle in a prudent manner, observe and obey all traffic signs in order to avoid creating unnecessarily dangerous conditions. Such failure exposed **Plaintiff** to a foreseeable risk or peril of bodily injury, damage and harm.

4.15    The sole and exclusive negligence of the **USDA** was the proximate or adequate cause of the injuries, damages and losses suffered by **Plaintiff**, stated hereinafter.

4.16    Because of the **USDA's** breach of duty of care to **Plaintiff**, she has sustained and suffered the loss and damages complained of herein.

## V. FIRST CAUSE OF ACTION

5.1    The preceding paragraphs are literally incorporated herein and are made part of this paragraph as if fully set forth herein.

5.2    As direct result of the above-stated negligent acts and/or omissions of the **USDA**, **Plaintiff** suffered shock and trauma to her body, including her muscular, skeletal and nervous systems; and, she sustained an upper body injury, which required hospital intervention, immobilization and will most probably require additional medical care in the near future.

5.3    As a direct consequence of the severe shock and trauma **Plaintiff** sustained, she suffered and continues to suffer from persistent and excruciating physical pains, aches and neurological deficits. Moreover, these injuries have caused her to suffer from loss or limitations of movement and potentially permanent and partial disabilities; and, to undergo organic, functional, physiological and neurological changes of a premature, degenerative and progressive nature. All of these injuries have also substantially limited her capacity to perform activities common for people of his age and sex, as well as his ability to participate and/or attend customary social and recreational activities and entertainment functions with his family and friends.

5.4    For these physical pains, injuries and disabilities, **Plaintiff** is entitled to receive and hereby demands just and fair compensation from **Defendant**, for a reasonable amount of not less than **ONE MILLION DOLLARS ($1,000,000.00)**.

## VI. SECOND CAUSE OF ACTION

6.1     The preceding paragraphs are literally incorporated herein and are made part of this paragraph as if fully set forth herein.

6.2     As a direct consequence of the above-stated negligent acts and/or omissions of **Defendant** and the resultant physical pains, injuries and disabilities sustained by **Plaintiff**, she suffered, is suffering and will continue to suffer from permanent and severe mental anguish and emotional distress.

6.3     As a further direct consequence of the foregoing, **Plaintiff** sustained a loss of happiness and the capacity to enjoy life, and an inability to maintain normal social and familial relationships.

6.4     For these mental and emotional damages, **Plaintiff** is entitled to receive and demands just and fair compensation from **Defendant**, for a reasonable amount of not less than **ONE MILLION DOLLARS ($**1,000,000.00**)**.

## VII.    THIRD CAUSE OF ACTION

7.1     The preceding paragraphs are literally incorporated herein and are made part of this paragraph as if fully set forth herein.

7.2     As a direct consequence of the above-stated negligent acts and/or omissions of Defendant is liable for **Plaintiff's** vehicle repairs.

## VII.    PREJUDGEMENT INTEREST, ATTORNEY FEES AND COSTS

**WHEREFORE,** it is respectfully requested that Judgment be entered by this Honorable Court in favor of the **Plaintiff** and against the defendant:

a. granting the plaintiff all the sums and remedies requested in the complaint;

b. imposing upon the defendants the payment of all costs and expenses to be incurred in this lawsuit;

c.  awarding Plaintiff a reasonable amount for attorneys' fees; and,

d.  granting the Plaintiff any other relief that they may be entitled to as a matter of law.

**RESPECTFULLY SUBMITTED.** In San Juan, Puerto Rico, this 13th day of March 2024.

**QUINTANA & SUÁREZ, P.S.C.**
400 Calle Calaf
PMB #165
San Juan, Puerto Rico 00918-1314
Tel.   787-761-1067
Fax    787-283-9994
Email: jorgequintanalajara@gmail.com

**S:/ Jorge R. Quintana Lajara**
U.S.D.C. No 219203

**PEDRO R. VAZQUEZ, III PSC**

PMB No. 153
Esmeralda Ave, Suite 2
Guaynabo, PR 00969-4457
(787) 925-4669
Prvazquez3@gmail.com

s/Pedro R. Vazquez
Pedro R. Vázquez
USDC No. 216311